UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERICK T. SMITH and <br> WIVIONIA HAYWOOD JONES, <br><br> Plaintiffs, <br> v. <br><br> MICHAEL R. ALANIZ, RODRIGO J. CORONA, UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO, <br><br> Defendants. | ) <br> ) <br> ) Case No. <br> ) <br> ) Judge <br> ) <br> ) Magistrate Judge <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) |

## CIVIL RIGHTS COMPLAINT

Plaintiffs, ERICK T. SMITH and WIVIONIA HAYWOOD JONES, by and through their attorney, Irene K. Dymkar, as their complaint against defendants, MICHAEL R. ALANIZ, RODRIGO J. CORONA, UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO, state as follows:

### NATURE OF CLAIM

1. This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983), to redress deprivations of the civil rights of plaintiffs through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiffs of their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

2. Additionally, plaintiffs rely upon the Court's supplemental jurisdiction to assert Illinois state claims contained herein.

### JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this jurisdiction.

## PARTIES

5. At all times herein mentioned, plaintiffs, ERICK T. SMITH and WIVIONIA HAYWOOD JONES, were and are citizens of the United States and reside within the jurisdiction of the court.

6. At all times herein mentioned, defendants MICHAEL R. ALANIZ (hereinafter ALANIZ), RODRIGO J. CORONA (hereinafter CORONA), and UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT (hereinafter UNKNOWN OFFICERS) were officers in the Chicago Police Department and were acting under color of state law and as the employees or agents of the CITY OF CHICAGO, Illinois. Said defendants are being sued in their individual capacity.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## STATEMENT OF FACTS

8. At all times mentioned herein, plaintiffs, ERICK T. SMITH and WIVIONIA HAYWOOD JONES, lived with their children at 719 W. 47th Place, Apt. 1, in Chicago, Illinois.

9. In the early morning hours of December 29, 2012, defendants MICHAEL R. ALANIZ and RODRIGO J. CORONA, Chicago police officers, arrived at 719 W. 47th Place, Apt. 1, followed shortly thereafter by the arrival of UNKNOWN OFFICERS.

10. A neighbor, Tracye Young, had called 911, saying she thought she smelled burnt cannabis.

11. Despite having no warrant, and there being no exigent circumstances, defendants ALANIZ, CORONA, and UNKNOWN OFFICERS forced their way into the home of ERICK T. SMITH and WIVIONIA HAYWOOD JONES.

12. Plaintiffs were in their nightclothes and underwear at the time, with WIVIONIA HAYWOOD JONES wearing nothing from the waist down.

13. Plaintiffs told the police they had no right to be in their home and ERICK T. SMITH proceeded to call 911 to register a complaint and ask for a supervisor to come to the scene.

14. For no apparent reason, defendant ALANIZ maced ERICK T. SMITH as he was completing his telephone call to 911 and forcibly took him into custody.

15. Defendant CORONA participated in the excessive force and also failed to intervene in the excessive force used by defendant ALANIZ.

16. WIVIONIA HAYWOOD JONES was ridiculed for having no clothes on, and when she protested the treatment of her husband, defendants threatened her that she would be arrested too.

17. Defendants ALANIZ, CORONA, and UNKNOWN OFFICERS proceeded to search the home.

18. ERICK T. SMITH was formally arrested by defendants.

19. Even after taking ERICK T. SMITH in handcuffs out of the home, defendants continued to remain in, occupy, and search the home.

20. During the police occupation and search, plaintiff WIVIONIA HAYWOOD JONES was detained against her will.

21. A sergeant, whose name is unknown, came to the scene and approved of and condoned the conduct of the defendant officers.

22. The sergeant, whose name is unknown, also illegally entered, remained in, and occupied the home, and participated in the arrest of ERICK T. SMITH and the detention of WIVIONIA HAYWOOD JONES.

23. Defendants all had the opportunity to intervene in the constitutional conduct of other defendants, but failed to do so.

24. No contraband was found by the police in the home as a result of defendants' search.

25. In order to cover-up their wrongdoing, defendants ALANIZ and CORONA instructed a neighbor, Tracye Young, to sign a blank complaint form and later filled in the form, charging ERICK T. SMITH with assault.

26. Tracye Young never complained to the police about an assault and the misdemeanor form charging ERICK T. SMITH with assault contains no information about a threat of any sort.

27. Defendants ALANIZ and CORONA charged ERICK T. SMITH with resisting arrest, even though there was no probable cause for such an arrest and charge.

28. ERICK T. SMITH was booked, processed, and charged with the false charges, and was wrongfully incarcerated.

29. The criminal charges were dismissed and terminated in a manner favorable to plaintiff and were never re-filed.

30. By reason of the above-described acts and omissions of the defendant police officers, plaintiffs sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to their damage.

31. The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages.

32. By reason of the above-described acts and omissions of defendant police officers, plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of their rights. By reason thereof, plaintiffs request payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I

**Plaintiffs, ERICK T. SMITH and WIVIONIA HAYWOOD JONES, Against Defendants MICHAEL R. ALANIZ, RODRIGO J. CORONA, and UNKNOWN OFFICERS for Unconstitutional Entry of Home**

33. Plaintiffs, ERICK T. SMITH and WIVIONIA HAYWOOD JONES, incorporate and reallege paragraphs 1 - 32, as though set forth herein in their entirety.

34. Defendants ALANIZ, CORONA, and UNKNOWN OFFICERS illegally entered plaintiffs' home at 719 W. 47th Place, Apt. 1, in Chicago, Illinois, on December 29, 2012, without a valid warrant for the home, without permission, and without legal cause, thus invading and violating plaintiffs' security and privacy.

35. By reason of the conduct of defendants ALANIZ, CORONA, and UNKNOWN OFFICERS, plaintiffs, ERICK T. SMITH and WIVIONIA HAYWOOD JONES, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT II

**Plaintiffs, ERICK T. SMITH and WIVIONIA HAYWOOD JONES, Against Defendants MICHAEL R. ALANIZ, RODRIGO J. CORONA, and UNKNOWN OFFICERS for Unconstitutional Occupation of Home**

36. Plaintiffs, ERICK T. SMITH and WIVIONIA HAYWOOD JONES, incorporate and reallege paragraphs 1 - 32, as though set forth herein in their entirety.

37. After defendants ALANIZ, CORONA, and UNKNOWN OFFICERS illegally entered plaintiffs' home at 719 W. 47th Place, Apt. 1, in Chicago, Illinois, on December 29, 2012, they remained in the home and occupied the home for an unreasonable period of time, both before and after taking plaintiff ERICK T. SMITH into custody.

38. Defendants acted without a valid warrant to remain in or occupy the home, without permission, and without legal cause, thus invading and violating plaintiffs' security and privacy.

39.     By reason of the conduct of defendants ALANIZ, CORONA, and UNKNOWN OFFICERS, plaintiffs, ERICK T. SMITH and WIVIONIA HAYWOOD JONES, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT III

**Plaintiffs, ERICK T. SMITH and WIVIONIA HAYWOOD JONES, Against Defendants MICHAEL R. ALANIZ, RODRIGO J. CORONA, and UNKNOWN OFFICERS for Unconstitutional Search of Home**

40.     Plaintiffs, ERICK T. SMITH and WIVIONIA HAYWOOD JONES, incorporate and reallege paragraphs 1 - 32, as though set forth herein in their entirety.

41.     Defendants ALANIZ, CORONA, and UNKNOWN OFFICERS illegally searched plaintiffs' home at 719 W. 47th Place, Apt. 1, in Chicago, Illinois, on December 29, 2012.

42.     The search was unconstitutional at its inception and unconstitutional in its scope. The length of the search and the extent of the search were not reasonable.

43.     By reason of the conduct of defendants ALANIZ, CORONA, and UNKNOWN OFFICERS, plaintiffs, ERICK T. SMITH and WIVIONIA HAYWOOD JONES, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT IV

**Plaintiff ERICK T. SMITH Against Defendants MICHAEL R. ALANIZ and RODRIGO J. CORONA for Excessive Force**

44.     Plaintiffs, ERICK T. SMITH and WIVIONIA HAYWOOD JONES, incorporate and reallege paragraphs 1 - 32, as though set forth herein in their entirety.

45.     The force used by defendant ALANIZ in macing plaintiff and by ALANIZ and CORONA in taking him forcibly into custody was excessive, unnecessary, unreasonable, and without legal cause.

46. Plaintiff ERICK T. SMITH suffered injuries as a result of the excessive force.

47. By reason of the conduct of defendants ALANIZ and CORONA, plaintiff ERICK T. SMITH was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiff ERICK T. SMITH pursuant to 42 U.S.C. §1983.

## COUNT V

### Plaintiff ERICK T. SMITH Against Defendants MICHAEL R. ALANIZ, RODRIGO J. CORONA, and UNKNOWN OFFICERS for False Arrest

48. Plaintiff ERICK T. SMITH incorporates and realleges paragraphs 1 - 32, as though set forth herein in their entirety.

49. The seizure and arrest of plaintiff ERICK T. SMITH by defendant officers ALANIZ, CORONA, and UNKNOWN OFFICERS were without probable cause and unreasonable.

50. By reason of the conduct of defendants ALANIZ, CORONA, and UNKNOWN OFFICERS, plaintiff ERICK T. SMITH was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiff ERICK T. SMITH pursuant to 42 U.S.C. §1983.

## COUNT VI

### Plaintiff WIVIONIA HAYWOOD JONES Against Defendants MICHAEL R. ALANIZ, RODRIGO J. CORONA, and UNKNOWN OFFICERS for Illegal Detention

51. Plaintiff WIVIONIA HAYWOOD JONES incorporates and realleges paragraphs 1 - 32, as though set forth herein in their entirety.

52. The detention of plaintiff WIVIONIA HAYWOOD JONES by defendant officers ALANIZ, CORONA, and UNKNOWN OFFICERS in her own home was without probable cause and unreasonable.

53. By reason of the conduct of defendants ALANIZ, CORONA, and UNKNOWN OFFICERS, plaintiff WIVIONIA HAYWOOD JONES was deprived of rights, privileges and immunities secured to her by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiff WIVIONIA HAYWOOD JONES pursuant to 42 U.S.C. §1983.

## COUNT VII

**Plaintiffs, ERICK T. SMITH and WIVIONIA HAYWOOD JONES, Against UNKNOWN OFFICER for Supervisory Liability**

54. Plaintiffs, ERICK T. SMITH and WIVIONIA HAYWOOD JONES, incorporate and reallege paragraphs 1 - 32, as though set forth herein in their entirety.

55. An UNKNOWN OFFICER who arrived on the scene was a supervisory officer who approved, condoned, or turned a blind eye to unconstitutional conduct, and therefore, is liable as a supervisor.

56. By reason of the conduct of defendant UNKNOWN OFFICER, plaintiffs, ERICK T. SMITH and WIVIONIA HAYWOOD JONES, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the UNKNOWN OFFICER who is a supervisor is liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT VIII

**Plaintiffs, ERICK T. SMITH and WIVIONIA HAYWOOD JONES, Against Defendants MICHAEL R. ALANIZ, RODRIGO J. CORONA, and UNKNOWN OFFICERS for Failure to Intervene**

57. Plaintiffs, ERICK T. SMITH and WIVIONIA HAYWOOD, incorporate and reallege paragraphs 1 - 32, as though set forth herein in their entirety.

58. Defendants ALANIZ, CORONA, and UNKNOWN OFFICERS had reason to know that plaintiffs, ERICK T. SMITH and WIVIONIA HAYWOOD, were subjected to

excessive force, a false arrest, and an illegal detention, and that their home was illegally entered, occupied, and searched, all unjustifiably and without legal cause.

59. Said defendants had a reasonable opportunity to prevent said unconstitutional acts from occurring, but did not do so.

60. By reason of the conduct of defendants ALANIZ, CORONA, and UNKNOWN OFFICERS, plaintiffs, ERICK T. SMITH and WIVIONIA HAYWOOD JONES, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT IX

**Plaintiff ERICK T. SMITH Against Defendants, MICHAEL R. ALANIZ, RODRIGO J. CORONA, and CITY OF CHICAGO, for Malicious Prosecution of Assault Charge**

61. Plaintiff ERICK T. SMITH incorporates and realleges paragraphs 1 - 32, as though set forth herein in their entirety.

62. Defendants ALANIZ and CORONA maliciously caused a false criminal charge of assault to be filed and prosecuted against plaintiff. There was no probable cause for the institution of criminal charges against plaintiff.

63. The criminal proceedings were commenced and continued maliciously.

64. Said defendants facilitated this malicious prosecution by failure to investigate, falsifying evidence, creating false police reports, creating false written criminal charges, and making false statements under oath.

65. Plaintiff was wrongfully incarcerated, and then wrongfully prosecuted, until the charge was terminated favorably to plaintiff.

66. Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

67. Defendants ALANIZ and CORONA, and each of them, is thus liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

68. Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior* for the wrongful acts of their employees, defendants ALANIZ and CORONA..

## COUNT X

**Plaintiff ERICK T. SMITH Against Defendants MICHAEL R. ALANIZ, RODRIGO J. CORONA, and CITY OF CHICAGO for Malicious Prosecution of Resisting Arrest Charge**

69. Plaintiff ERICK T. SMITH incorporates and realleges paragraphs 1 - 32, as though set forth herein in their entirety.

70. Defendants ALANIZ and CORONA maliciously caused a criminal charge of resisting arrest to be filed and prosecuted against plaintiff. There was no probable cause for the institution of criminal charges against plaintiff.

71. The criminal proceedings were commenced and continued maliciously.

72. Said defendants facilitated this malicious prosecution by failure to investigate, falsifying evidence, creating false police reports, creating false written criminal charges, and making false statements under oath.

73. Plaintiff was wrongfully incarcerated, and then wrongfully prosecuted, until the charge was terminated favorably to plaintiff.

74. Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

75. Defendants ALANIZ and CORONA, and each of them, is thus liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

76. Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior* for the wrongful acts of their employees, defendants ALANIZ and CORONA.

77. Defendant is liable pursuant to the doctrine of *respondeat superior* for the wrongful acts of their employees, defendants ALANIZ and CORONA.

## COUNT XI

**Plaintiffs, ERICK T. SMITH and WIVIONIA HAYWOOD JONES, Against Defendant CITY OF CHICAGO for Indemnification (735 ILCS 10/9-102)**

78. Plaintiffs, ERICK T. SMITH and WIVIONIA HAYWOOD JONES, incorporate and reallege paragraphs 1 - 32, as though set forth herein in their entirety.

79. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

80. Defendants MICHAEL R. ALANIZ, RODRIGO J. CORONA, and UNKNOWN OFFICERS were employees of the CITY OF CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

81. Defendant CITY OF CHICAGO is thus liable under the theory of indemnification.

WHEREFORE, plaintiffs, ERICK T. SMITH and WIVIONIA HAYWOOD JONES, request judgment as follows against defendants, MICHAEL R. ALANIZ, RODRIGO J. CORONA, UNKNOWN OFFICERS, and CITY OF CHICAGO, in the claims set forth above, and specifically:

    A. That defendants be required to pay plaintiffs general damages, including those for emotional distress, in a sum to be ascertained at a trial of this matter,

    B That defendants be required to pay plaintiffs special damages, in a sum to be ascertained at a trial of this matter,

    C. That defendants, except CITY OF CHICAGO, be required to pay plaintiffs punitive damages in a sum to be ascertained at a trial of this matter,

    D. That defendants be required to pay plaintiffs' attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

      E.      That defendants be required to pay plaintiffs' costs of the suit herein incurred, and

      F.      That plaintiffs be granted such other and further relief as this Court may deem just and proper.

**Plaintiffs hereby request A TRIAL BY JURY.**

Dated: June 11, 2014                          /s/ Irene K. Dymkar
                                                              Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiffs
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123